IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| DANIEL S. NUTKIS, | ) |
| ROSANNE KERWIN, | ) |
| | ) |
| and | ) |
| | ) |
| MELVYN S. NUTKIS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR FEDERAL TAXES

PLAINTIFF, United States of America, for its complaint against the defendants alleges as follows:

1. This is a civil action brought by the United States of America for the purpose of reducing to judgment income tax assessments against Daniel S. Nutkis (the Taxpayer) relating to the tax year 1998 and foreclosing federal tax liens against the Taxpayer for the years 1998 and 1999 against real property commonly known as 5727 Stoneway Trail, Nashville, Tennessee, in the County of Davidson (the Real Property).

### JURISDICTION, VENUE AND PARTIES

2. This civil action is commenced at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the

3547003.1

Treasury, and at the direction of a delegate of the Attorney General of the United States pursuant to 26 U.S.C.§§ 7401.

3. Jurisdiction is conferred upon this Court pursuant to 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1331, 1340 and 1345.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 1396.

5. Plaintiff is the United States of America.

6. Daniel S. Nutkis' 1998 tax liability accrued in this district and he may also claim an interest in the Real Property located in this district.

7. Rosanne Kerwin may claim an interest in the Real Property located in this district.

8. Melvyn S. Nutkis may claim an interest in the Real Property located in this district.

## COUNT I
### (REDUCE ASSESSMENT TO JUDGMENT)
### against Daniel S. Nutkis

9. The allegations in paragraphs 1 through 8 are realleged and incorporated by reference.

10. On June 19, 2000, a delegate of the Secretary of the Treasury of the United States made income tax, interest and penalty assessments against the Taxpayer for the year ending December 1998 in the amount of $274,308.

11. Notice and demand for payment of the assessments in paragraph 10 were given to the Taxpayer in accordance with 26 U.S.C. § 6303.

12. Statutory additions for interest have accrued and will continue to accrue on the amounts assessed.

13. The assessments were made in accordance with law.

14. The Taxpayer has failed to pay the United States the full amount owed as a result of the assessments.

15. By reason of the foregoing, the Taxpayer owed the amount of $246,660, as of September 20, 2010, for taxes, interest and penalties relating to the 1998 tax year, and statutory additions and interest accruing after that date until paid.

WHEREFORE, plaintiff United States of America, prays for judgment on Count I of its Complaint as follows:

A. That the Court adjudge that the Taxpayer is indebted to the United States of America in the amount of $246,660, as of September 20, 2010, for taxes, interest and penalties relating to the 1998 tax year, and statutory additions and interest accruing after that date until paid;

B. That the United States recover its costs incurred in this action; and

C. That the Court grant the United States such further relief the Court deems just and equitable.

## COUNT II
### (FORECLOSURE AGAINST REAL PROPERTY)

16. The allegations set forth in paragraphs 1 through 15 are realleged and incorporated by reference.

17. By deed dated September 15, 1995 and recorded on the same date in the County of Davidson, Tennessee at Book 9795 and Page 929, the Taxpayer acquired the Real Property. A copy of the deed is attached as Exhibit 100 and incorporated by reference.

18. By reason of the assessments described in paragraph 10 above, Federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments of June 19, 2000, and said tax liens attached to all property and rights to property then owned or thereafter acquired by the Taxpayer, including the Real Property.

19. On March 29, 2004, a delegate of the Secretary of the Treasury of the United States made income tax, interest and penalty assessments against the Taxpayer for the year ending December 31, 1999 in the amount of $231,620.

20. On November 22, 2006, the Taxpayer conveyed the Real Property by quitclaim deed to the Taxpayer's father, Melvyn S. Nutkis, purportedly in lieu of a foreclosure of a deed of trust dated September 15, 1995. A copy of the deed of trust is attached as Exhibit 101 and a copy of the quitclaim deed is attached as Exhibit 102 and both are incorporated by reference.

21. The conveyance of the Real Property to Melvyn S. Nutkis described in paragraph 20 was made subject to the Federal tax liens relating to the 1998 tax year, notice of which had been filed with the Clerk of the Circuit Court in Davidson County, Tennessee on March 29, 2001.

- 4 -

3547003.1

Case 3:10-cv-01181 Document 1 Filed 12/14/10 Page 4 of 6 PageID #: 4

22. By reason of the foregoing, the United States is entitled to foreclose its Federal tax liens against the Real Property and have it sold with the proceeds of the sale distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the Taxpayer's interest paid to the United States to be applied against his tax liabilities.

23. Rosanne Kerwin may claim an interest in the Real Property.

24. The proceeds from the sale of the Real Property should be distributed as follows: (1) to pay the expenses of the sale, including unpaid local property taxes; (2) to the United States to be applied toward payment of the Taxpayer's tax liabilities relating to the 1998 tax year; (3) to the extent Melvyn S. Nutkis establishes that he has a valid interest in the Real Property protected under 26 U.S.C. § 6323 that has priority over the Federal tax lien relating to tax year 1999, to Melvyn S. Nutkis up to the amount of that interest; and (4) the remainder to the United States to be applied to the Taxpayer's tax liabilities relating to tax year 1999.

WHEREFORE plaintiff United States of America prays for judgment on Count II of its Complaint as follows:

D. Declare that the United States of America has valid and subsisting Federal tax liens on all property and rights to property of the Taxpayer, including the Real Property;

E. Foreclose on the Federal tax liens against the Real Property;

F. Order the Real Property be sold and distribute the proceeds of the sale as follows: (1) to pay the expenses of the sale, including unpaid local property taxes; (2) to the United States to be applied toward payment of the Taxpayer's tax liabilities relating to the 1998 tax year; (3) to the extent Melvyn S. Nutkis establishes that he has a valid interest in the Real Property protected under 26 U.S.C. § 6323 that has priority over the Federal tax lien relating to tax year 1999, to Melvyn S. Nutkis up to the amount of that interest; and (4) the remainder to the United States to be applied to the Taxpayer's tax liabilities relating to tax year 1999;

G. That the United States recover its costs incurred in this action; and

H. That the Court grant the United States such further relief the Court deems just and equitable.

Dated: December 13, 2010

JERRY MARTIN
United States Attorney


 /s/ Daniel J. Healy
DANIEL J. HEALY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Tel./Fax: (202) 305-3402/(202) 514-6866
E-mail: daniel.j.healy@usdoj.gov